IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC REALE, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD HOUGH, as an individual, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DOMINIC REALE, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.  This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.  This action is brought against the Defendants for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.  Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4.  Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, Dominic Reale, is an adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Ronald Hough ("Hough"), is a United States citizen. Plaintiff believes, and therefore avers, that the Defendant is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Hough was a law enforcement officer employed by the City of Pittsburgh Police Department, c/o City of Pittsburgh Law Department, 414 Grant Street, Suite 313, Pittsburgh, Pennsylvania 15219, purporting to act within the full scope of his authority and office, and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Pittsburgh Police Department.

FACTUAL ALLEGATIONS

7. Sometime during the evening hours of October 30, 2017, the Plaintiff and the Defendant were both present at the Villa Reale restaurant ("the restaurant") located in Pittsburgh, Pennsylvania.

8. Villa Reale is a full service restaurant that has existed at its location for more than forty years. The restaurant specializes in Italian cuisine, with a particular emphasis on pizza.

9. Members of the City of Pittsburgh police force have frequented the restaurant throughout the course of its existence. The Defendant had been a frequent patron of the restaurant in the past.

10. On the above-described date and time, the Plaintiff and the Defendant had spent a portion of the evening eating dinner together at the restaurant. During the course of that meal, the Plaintiff and the Defendant exchanged friendly conversation.

11. At some point, the Defendant began acting in an erratic manner in that he repeatedly drew his Mace and pointed it at the Plaintiff in a threatening manner. Plaintiff requested that the Defendant cease such conduct. Nevertheless, the Defendant continued to brandish his Mace at the Plaintiff in a threatening manner. At that time, the Defendant also brandished his Taser at the Plaintiff in a threatening manner.

12. Eventually, the Plaintiff got up from the table, at which he and the Defendant had been sitting, and moved toward restaurant's counter.

13. The Defendant followed the Plaintiff to that location. At that time, the Plaintiff, the Defendant and an employee of the restaurant began discussing certain difficulties that the Defendant was having with his eyesight. At no time during that conversation did the Defendant indicate in any way that the Plaintiff was acting in an inappropriate manner, or in a way which would have given rise to a legitimate use of force by the Defendant.

14. Shortly after the parties finished their conversation regarding the Defendant's eye problems, the Defendant began stalking the Plaintiff, following him behind and around the restaurant counter in a threatening and menacing way. Plaintiff at all times retreated from these advances and indicated to the Defendant that his conduct was inappropriate. There was no lawful or legitimate reason for the Defendant's actions.

15. At some point, the Defendant stopped pursuing the Plaintiff, causing the Plaintiff to stop at the restaurant counter and begin a conversation with a woman who was seated at the counter.

16. Suddenly, without warning or cause, and in violation of numerous rules and regulations of the City of Pittsburgh Police Department, and in violation of commonly accepted proper police procedures, the Defendant discharged his Taser into the chest of the Plaintiff, causing the Plaintiff collapse to the ground.

17.     During the acts described above, the Defendant reacted to his own conduct with apparent amusement.

18.     After unlawfully discharging his Taser into the Plaintiff's chest, the Defendant then compounded his improper conduct by forcibly removing the Taser prongs from the Plaintiff's chest without the benefit of properly trained medical personnel.  Furthermore, the Defendant improperly and unlawfully attempted to convince the Plaintiff not to seek medical attention.

19.     On at least two occasions after the incident in question, the Defendant returned to the restaurant, and, while there, repeatedly urged the Plaintiff to forget that the incident had occurred, to destroy video evidence of the incident captured on the restaurant's security cameras, to refrain from making a report of the Defendant's actions to the proper authorities, and to otherwise take and/or refrain from taking other actions which would jeopardize the Defendant's employment and standing as a City of Pittsburgh police officer.

20.     On at least two occasions after the incident described above, Defendant sent text messages to the Plaintiff asking the Plaintiff to discuss the incident and inquiring as to whether or not Plaintiff had destroyed video of the incident.

21.     On at least one occasion after the incident, Defendant called Plaintiff.  Plaintiff believes, and therefore avers, that the Defendant's telephone call was for the purpose of attempting to influence Plaintiff in like manner to Defendant's personal visits to the restaurant and the aforementioned text messages.

22.     At various times after the incident, various current and former members of the City of Pittsburgh Police Department, and individuals associated with members of the City of Pittsburgh Police Department, and various current and former members of law enforcement, came to the restaurant or confronted the Plaintiff at locations other than the restaurant to similarly urge the

Plaintiff to refrain from taking action against the Defendant for his conduct, as described hereinbefore above.

23.     The requests made by these law enforcement officers and other individuals, included, but were not limited to, friendly requests, which attempted to appeal to the Plaintiff's good nature, to veiled threats to the Plaintiff's safety if he failed to acquiesce to the demands being made by these individuals.

24.     Plaintiff believes, and therefore avers, that the Defendant was directly and/or indirectly responsible for soliciting the assistance of some, and possibly all of, the aforementioned current and former law enforcement officers in convincing the Plaintiff to drop any claims he may have against the Defendant.

## COUNT I:

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

#### EXCESSIVE FORCE

25.     Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth at length herein.

26.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendant for violations of Plaintiff's constitutional rights under color of law.

27.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, the Plaintiff had the right be free from excessive, unreasonable and unjustified force by the Defendant.

28. The excessive, unreasonable and unjustified force used by the Defendant against the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution.

29. At no time was the Plaintiff an immediate threat to the safety of the Defendant or any other individuals, nor was there any lawful or justifiable excuse for the improper, illegal conduct of the Defendant, as set forth hereinbefore above.

30. Plaintiff's right to be free from assault and excessive, unreasonable and unjustified force was violated when he was Tasered by the Defendant, and when Defendant forcibly removed the Taser prongs from Plaintiff's chest, while Defendant purported to be acting under color of law.

31. Defendant's actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendant to punitive damages.

32. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

    a. violation of his right under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution to be free from the use of excessive, unreasonable and unjustified force against his person;

    b. physical pain and suffering;

    c. fright, horror and shock;

    d. emotional trauma and suffering; and

    e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre-

and post-judgment interest as permitted by law; punitive damages against the Defendant; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34. Pursuant to Pennsylvania Common Law, Plaintiff had the right to be free from unwanted, harmful and offensive contact.

35. The force used by the Defendant during the course of his interaction with the Plaintiff was unnecessary, excessive, unreasonable and unjustified.

36. The Defendant used his Taser on the Plaintiff, and then forcefully, recklessly and improperly removed the Taser prongs form the Plaintiff's chest.

37. Plaintiff was harmed and offended by that contact.

38. The Defendant's actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendant to punitive damages.

39. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

   a. violation of his right to be free from unwanted, harmful and offensive contact, as guaranteed by Pennsylvania Common law;

   b. physical pain and suffering;

   c. fright, horror and shock;

d. emotional trauma and suffering; and

e. economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; punitive damages against Defendant; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: February 23, 2018