IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC REALE, | ) | |
| | ) | CIVIL ACTION NO. 2:18-cv-00229 |
| Plaintiff, | ) | |
| | ) | HONORABLE MAUREEN P. KELLY |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | |
| RONALD HOUGH, as an individual, | ) | JURY TRIAL DEMANDED |
| RAY RIPPOLE, as an individual, and | ) | |
| JOHN and/or JANE DOE(S), as an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DOMINIC REALE, by and through his attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Amended

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed

to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance

thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's rights under the

Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction

over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

PARTIES

5.     Plaintiff, Dominic Reale, is an adult individual who resides in Allegheny County, Pennsylvania.

6.     Defendant, City of Pittsburgh ("City"), is a Pennsylvania municipal corporation with administrative offices located at 414 Grant Street, Fifth Floor, Room 512, Pittsburgh, Pennsylvania 15219.  At all times relevant to this Complaint, Defendant City acted through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

7.     Defendant, Ronald Hough ("Hough"), is a United States citizen.  Plaintiff believes, and therefore avers, that the Defendant is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Hough was a law enforcement officer employed by the City of Pittsburgh Police Department, c/o City of Pittsburgh Law Department, 414 Grant Street, Suite 313, Pittsburgh, Pennsylvania 15219, purporting to act within the full scope of his authority and office, and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Pittsburgh Police Department.

8.     Defendant, Ray Rippole ("Rippole"), is a United States citizen.  Plaintiff believes, and therefore avers, that the Defendant is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Rippole was a law enforcement officer holding the rank of lieutenant employed by the City of Pittsburgh Police Department, c/o City of Pittsburgh Law Department, 414 Grant Street, Suite 313, Pittsburgh, Pennsylvania 15219, purporting to act

within the full scope of his authority and office, and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Pittsburgh Police Department.

9.      Defendants, John and/or Jane Doe(s) ("Doe(s)"), is a United States citizen.  Plaintiff believes, and therefore avers, that the Defendant is a resident of Allegheny County, Pennsylvania.  At all times relevant to this Complaint, Defendant Doe(s) was a law enforcement officer employed by the City of Pittsburgh Police Department, c/o City of Pittsburgh Law Department, 414 Grant Street, Suite 313, Pittsburgh, Pennsylvania 15219, purporting to act within the full scope of his or her authority and office, and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Pittsburgh Police Department.

## FACTUAL ALLEGATIONS

10.     Sometime during the evening hours of October 30, 2017, the Plaintiff and Defendant Hough were both present at the Villa Reale restaurant ("the restaurant") located in Pittsburgh, Pennsylvania.

11.     Villa Reale is a full-service restaurant that has existed at its location for more than forty years.  The restaurant specializes in Italian cuisine, with a particular emphasis on pizza.

12.     Plaintiff's father owns the Villa Reale and the Plaintiff works as a full-time employee at the restaurant.

13.     Members of Defendant City's police force have frequented the restaurant throughout the course of its existence.  Defendant Hough had been a frequent patron of the restaurant in the past, as Defendant Hough's patrol zone encompassed the neighborhood in which the Villa Reale is located.

14.     On the above-described date and time, Defendant Hough was on-duty as a City of Pittsburgh police officer.  Defendant Hough was dressed in the full uniform of a City of Pittsburgh police officer, which included a government-issued mace and a government-issued taser.

15.     Plaintiff and Defendant Hough spent a portion of the evening eating dinner together at the restaurant, while Defendant Hough remained on-duty as a City of Pittsburgh police officer. During the course of that meal, Plaintiff and Defendant Hough exchanged friendly conversation.

16.     At some point during dinner, Defendant Hough began acting in an erratic manner in that he repeatedly drew his government-issued mace and pointed it at the Plaintiff in a threatening manner.  Plaintiff requested that Defendant Hough cease such conduct.  Nevertheless, Defendant Hough continued to brandish his government-issued mace at the Plaintiff in a threatening manner.  At that time, Defendant Hough also brandished his government-issued taser at the Plaintiff in a threatening manner.

17.     Eventually, the Plaintiff got up from the table, at which he and Defendant Hough had been sitting, and moved toward restaurant's counter.

18.     Defendant Hough followed the Plaintiff to that location.  At that time, the Plaintiff, Defendant Hough and an employee of the restaurant began discussing certain difficulties that Defendant Hough was having with his eyesight.  At no time during that conversation did Defendant Hough indicate in any way that the Plaintiff was acting in an inappropriate manner, or in a way which would have given rise to a legitimate use of force by Defendant Hough.

19.     Shortly after the parties finished their conversation regarding Defendant Hough's eye problems, Defendant Hough began stalking the Plaintiff, following him behind and around the restaurant counter in a threatening and menacing way.  Plaintiff at all times retreated from these

4

advances and indicated to Defendant Hough that his conduct was inappropriate. There was no lawful or legitimate reason for the Defendant Hough's actions.

20.    At some point, Defendant Hough stopped pursuing the Plaintiff, causing the Plaintiff to stop at the restaurant counter and begin a conversation with a woman who was seated at the counter.

21.    Suddenly, without warning or cause, and in violation of numerous rules and regulations of Defendant City's Police Department, and in violation of commonly accepted proper police procedures, Defendant Hough discharged his government-issued taser into the chest of the Plaintiff, causing the Plaintiff collapse to the ground.

22.    During the acts described above, Defendant Hough reacted to his own conduct with apparent amusement.

23.    After unlawfully discharging his government-issued taser into the Plaintiff's chest, Defendant Hough then compounded his improper conduct by forcibly removing the taser prongs from the Plaintiff's chest without the benefit of properly trained medical personnel. Furthermore, Defendant Hough improperly and unlawfully attempted to convince the Plaintiff not to seek medical attention.

24.    On at least two occasions after the incident in question, the Defendant Hough returned to the restaurant, and, while there, repeatedly urged the Plaintiff to forget that the incident had occurred, to destroy video evidence of the incident captured on the restaurant's security cameras, to refrain from making a report of Defendant Hough's actions to the proper authorities, and to otherwise take and/or refrain from taking other actions which would jeopardize Defendant Hough's employment and standing as a Defendant City police officer.

25.     On at least two occasions after the incident described above, Defendant Hough sent text messages to the Plaintiff asking the Plaintiff to discuss the incident and inquiring as to whether or not Plaintiff had destroyed video of the incident.

26.     On at least one occasion after the incident, Defendant Hough called Plaintiff.  Plaintiff believes, and therefore avers, that Defendant Hough's telephone call was for the purpose of attempting to influence Plaintiff in like manner to Defendant Hough's personal visits to the restaurant and the aforementioned text messages.

27.     At various times after the incident, Defendant Doe(s), various current and former members of the City of Pittsburgh Police Department, and individuals associated with members of the City of Pittsburgh Police Department, and various current and former members of law enforcement, came to the restaurant or confronted the Plaintiff at locations other than the restaurant to similarly urge the Plaintiff to refrain from taking action against Defendant Hough for his conduct, as described hereinbefore above.

28.     The requests made by these law enforcement officers and other individuals, included, but were not limited to, friendly requests, which attempted to appeal to the Plaintiff's good nature, to veiled threats to the Plaintiff's safety if he failed to acquiesce to the demands being made by these individuals.

29.     Plaintiff believes, and therefore avers, that Defendant Hough was directly and/or indirectly responsible for soliciting the assistance of some, and possibly all of, the aforementioned current and former law enforcement officers in convincing the Plaintiff to drop any claims he may have against Defendant Hough.

30.     In particular, and on more than one occasion, Defendant Rippole pressured the Plaintiff to drop any claims he may have against Defendant Hough.

6

31.     Defendant Rippole made remarks, including, but not limited to, the following:

     a.      "Do you want to take one for the team?"

     b.      "Ron has a family."

     c.      "Are you really going to tell on him?"

     d.      "Are you really going to ruin his life?"

32.     Defendant Rippole made these remarks to the Plaintiff in his official capacity as a City of Pittsburgh police lieutenant.

33.     Plaintiff believes, and therefore avers, that Defendant Rippole also exchanged internal memorandums with Defendant Doe(s), additional members of Defendant City's police department and/or members of other municipal offices.

34.     Plaintiff believes, and therefore avers, that the subject of these memorandums was Defendant Hough's actions, as described hereinbefore above, and the possibility of paying the Plaintiff a monetary settlement.

35.     Plaintiff believes, and therefore avers, that Defendant Hough, Defendant Rippole and Defendant Doe(s) conspired to ratify the unlawful and unconstitutional acts committed by Defendant Hough, as described hereinbefore above.

36.     Plaintiff believes, and therefore avers, that the individual Defendants developed and agreed upon a plan to cover up Defendant Hough's unlawful actions and/or to devise a falsified version of events which would, in their hopes, exculpate them from Defendant Hough's acts and, consequently, deny the Plaintiff certain constitutional rights, including his right to be free from unreasonable and unjustified use of force.

37.     Plaintiff also believes, and therefore avers, that Defendant City was aware of Defendant Hough's previous repeated use of excessive, unreasonable and unjustified force against civilians

and that officials of Defendant City, namely, Defendant Rippole, had been so aware for a period of time in the past prior to Defendant Hough's assault upon the Plaintiff.

38.     Defendant City has a duty to properly train, control and supervise its officers in the proper use of force.

39.     Defendant City's failure to properly train, control and/or supervise its officers has led to numerous incidents of unlawful use of excessive, unreasonable and unjustified force against citizens of the City of Pittsburgh perpetrated by police officers for Defendant City, as evidenced by the actions of Defendant Hough.

40.     Defendant City has failed to correct these deficiencies in training, supervision and/or discipline.

COUNT I:

PLAINTIFF v. DEFENDANTS CITY AND HOUGH

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EXCESSIVE FORCE

41.     Plaintiff incorporates by reference Paragraphs 1 through 40 as though fully set forth at length herein.

42.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiff's constitutional rights under color of law.

43.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, the Plaintiff had the right be free from excessive, unreasonable and unjustified force by Defendant Hough.

44.     As described hereinbefore above, Defendant City was aware of Defendant Hough's previous use of excessive, unreasonable and unjustified force against civilians.

45.     Defendant City has a duty to properly train, control and/or supervise its officers in the proper use of force.

46.     As described more fully in Count III, Defendant City subsequently ratified the conduct of Defendant Hough by failing to properly train, control and/or supervise its officers in the proper use of force, and is liable for the excessive force inflicted on the Plaintiff by Defendant Hough.

47.     The excessive, unreasonable and unjustified force used by Defendant Hough against the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution.

48.     At no time was the Plaintiff an immediate threat to the safety of Defendant Hough or any other individuals, nor was there any lawful or justifiable excuse for the improper, illegal conduct of Defendant Hough, as set forth hereinbefore above.

49.     Plaintiff's right to be free from assault and excessive, unreasonable and unjustified force was violated when he was tasered by Defendant Hough, and when Defendant Hough forcibly removed the taser prongs from Plaintiff's chest, while Defendant Hough purported to be acting under color of law.

50.     Defendant Hough's actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

51.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

      a.     violation of his right under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution to be free from the use of excessive, unreasonable and unjustified force against his person;

9

b.      physical pain and suffering;

c.      fright, horror and shock;

d.      emotional trauma and suffering; and

e.      economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hough; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS HOUGH, RIPPOLE AND DOE(S)

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

CONSPIRACY

52.    Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53.    Defendants Hough, Rippole and Doe(s) conspired with each other to engage in unjust and illegal acts against the Plaintiff, and thereby to deprive the Plaintiff of his rights and privileges under the Constitution and did, as a direct and proximate result of their actions in furtherance of said conspiracy, injure the Plaintiff and deprive him of said rights and privileges in violation of 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

10

54.     The individual Defendants agreed, as evidenced by their actions, to deprive the Plaintiffs of their right to be free from excessive, unreasonable and unjustified force.

55.     The conspiracy between the individual Defendants began when the Plaintiff was assaulted, and it continues until present day to the extent that the individual Defendants continue to attempt to conceal Defendant Hough's actions on the date in question.

56.      The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

57.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a.     violation of his right under 42 U.S.C. §1983 and the
           Fourth Amendment to the United States Constitution to be free
           from the use of excessive, unreasonable and unjustified force
           against his person;

    b.     physical pain and suffering;

    c.     fright, horror and shock;

    d.     emotional trauma and suffering; and

    e.     economic damages related to any and all medical and/or other
           consequential costs.

    WHEREFORE, the Plaintiff demands compensatory general damages against the Defendants in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFFS v. DEFENDANT CITY

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>MUNICIPAL LIABILITY</u>

58.     Plaintiff incorporates by reference Paragraphs 1 through 57 as though fully set forth at length herein.

59.     Plaintiff claims damages for injuries set forth herein under 42 U.S.C. §1983 against Defendant City for violation of Plaintiff's constitutional rights under color of law.

60.     At all times relevant hereto pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the Constitution of the United States, the Plaintiff had the right to be free from the use of excessive, unreasonable and unjustified force.

61.     As described more fully hereinbefore above, Defendant City was aware of Defendant Hough's proclivity for the use of excessive, unreasonable and unjustified force against civilians.

62.     Defendant City has a duty to properly train, control and supervise its police officers.

63.     By the failure of Defendant City, to properly train, control and/or supervise Defendant Hough, Defendant City created a substantial risk of the constitutional violations identified herein.

64.     Defendant City's failure to properly train, control and/or supervise its officers has led to numerous incidents of unlawful use of excessive, unreasonable and unjustified force against citizens in the City of Pittsburgh perpetrated by police officers for Defendant City, as evidenced by the actions of Defendant Hough.

12

65.     Defendant City acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of the right to be free from the use of excessive, unreasonable and unjustified force by Defendant Hough as guaranteed under the Fourth Amendment to the Constitution of the United States.

66.     By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the Fourth Amendment to the Constitution of the United States were violated by Defendant City.

67.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant City, Plaintiff suffered the following injuries and damages:

  a.      violation of his right under 42 U.S.C. §1983 and the
          Fourth Amendment to the United States Constitution to be free
          from the use of excessive, unreasonable and unjustified force
          against his person;

  b.      physical pain and suffering;

  c.      fright, horror and shock;

  d.      emotional trauma and suffering; and

  e.      economic damages related to any and all medical and/or other
          consequential costs.

          WHEREFORE, the Plaintiff demands compensatory general damages against Defendant City in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                              JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT HOUGH

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

68.     Plaintiff incorporates by reference Paragraphs 1 through 67 as though fully set forth at

length herein.

69.     Pursuant to Pennsylvania Common Law, Plaintiff had the right to be free from unwanted,

harmful and offensive contact.

70.     The force used by Defendant Hough during the course of his interaction with the Plaintiff

was unnecessary, excessive, unreasonable and unjustified.

71.     Defendant Hough used his taser on the Plaintiff, and then forcefully, recklessly and

improperly removed the taser prongs form the Plaintiff's chest.

72.     Plaintiff was harmed and offended by that contact.

73.     Defendant Hough's actions were willful, wanton and/or done with a reckless disregard

for the rights of the Plaintiff, thereby subjecting Defendant Hough to punitive damages.

74.     As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by

Defendant Hough, Plaintiff suffered the following injuries and damages:

    a.      violation of his right to be free from unwanted, harmful and
            offensive contact, as guaranteed by Pennsylvania Common law;

    b.      physical pain and suffering;

    c.      fright, horror and shock;

    d.      emotional trauma and suffering; and

    e.      economic damages related to any and all medical and/or other
            consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendant Hough in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hough; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  July 3, 2018