IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC REALE, | ) |
| | ) CIVIL ACTION NO. 2:18-cv-00229 |
| Plaintiff, | ) |
| | ) HONORABLE MAUREEN P. KELLY |
| v. | ) |
| | ) |
| CITY OF PITTSBURGH, | ) |
| RONALD HOUGH, as an individual, | ) |
| RAY RIPPOLE, as an individual, and | ) |
| JOHN and/or JANE DOE(S), as an | ) |
| Individual, | ) |
| | ) |
| Defendants. | )   *Electronically Filed.* |

BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS 1 AND 2 OF THE AMENDED COMPLAINT

COMES NOW, the Plaintiff, DOMINIC REALE, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Brief in Opposition to Defendant's Motion to Dismiss Counts 1 and 2 of the Amended Complaint, as follows:

I. INTRODUCTION

Defendant, Ronald Hough ("Hough") has filed a Partial Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state claims for excessive force and conspiracy.

Plaintiff believes that Defendant Hough has raised legitmate arguments regarding Plaintiffs' claim of conspiracy. In light of that argument, Plaintiff hereby withdraws his claim against Defendant Hough at Count II of his Amended Complaint.

Defendant's remaining argument lacks merit.  Defendant Hough ignored the well-pled, easily distinguishable facts in Plaintiff's Amended Complaint that would allow this Court to draw the reasonable inference that Defendant Hough is liable for the misconduct alleged.

Therefore, for the following reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.

## II.  ARGUMENT

The Third Circuit discussed the standard for reviewing 12(b)(6) motions when it observed:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler,* 578 F.3d at 213 (quotation marks and citations omitted*); see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 2014 U.S. App. LEXIS 6150, 6-7 (3d Cir. 2014).

**A.  Defendant Hough's Unlawful Conduct was Committed Under Color of State Law as a State Actor.**

Despite Defendant's argument to the contrary, Defendant Hough clearly acted under color of law when he abused the position given to him by the state when he used his authority as a City of Pittsburgh police officer to unlawfully assault the Plaintiff.  (Defendant's brief, pp. 5-9)

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42,

49 (1988) quoting *United States v. Classic*, 313 U.S. 299, 326 (1941).  It is well-settled law in the Third Circuit that the "essence of § 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." *Boneberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3rd Cir. 1997) citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3rd. Cir. 1995).

  Therefore, when a state or local employee acts in his official capacity, he will be found to have done so under color of state law.  *West*, 487 U.S. at 49-50; *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).  Such may be the case even for off-duty law enforcement officers who purport to act under their state or local authority.  *Washington-Pope v. City of Philadelphia*, 979 F. Supp. 2d 544, 552 (E.D. Pa. 2013).  However, "acts of officers in the ambit of their personal pursuits are plainly excluded" from the reach of § 1983.  *Screws v. United States*, 325 U.S. 91, 111 (1945).  Thus, the operable inquiry is whether the officer purported to act under color of law, even if "he might have taken the same action had he acted in a purely private capacity."  *Griffin v. Maryland*, 378 U.S. 130, 135 (1964).

  The Third Circuit has explained that "[m]anifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations."  *Barna*, 42 F.3d at 816.  Courts look for such "indicia of police authority," which then must be considered together to determine whether an officer purported to act under pretense, and therefore under color of law, rather than as *per se* determinants that he did so.  *Washington-Pope*, 979 F. Supp. 2d at 554 quoting *Barna*, 42 F.3d at 817, 818, n.11.

  Factors often deemed relevant but not *per se* determinative include:

- whether the officer was on duty, *West*, 487 U.S. at 50;

- whether the officer was pursuing purely private motives by means of exercising state authority, *Basista v. Weir*, 340 F.2d 74, 80-81 (3d Cir. 1965) ("Assuming arguendo that Scalese's actions were in fact motivated by personal animosity that does not and cannot place him or his acts outside the scope of § 1983 if he vented his ill feelings towards Basista … under color of a policeman's badge");

- whether the officer's actions were related to his job a police officer, *see Barna*, 42 F.3d at 816;

- whether the officer's actions occurred within his jurisdiction, *see Id.* at 816-17;

- whether the officer identified himself as a police officer, *see Griffin*, 378 U.S. at 135;

- whether the officer was uniformed, *see Id.*; *Abraham v. Raso* 183 F.3d 279, 287 (3d Cir. 1999);

- whether the officer showed a badge, *see Griffin*, 378 U.S. at 135; *Bonenberger*, 132 F.3d at 24; *Barna*, 42 F.3d at 816; and

- whether he used or carried a service weapon, *Barna*, 42 F.3d at 817.

Thus, "[t]he facts and circumstances of the police officer's role … must be examined in their totality….The state action questions must be addressed after considering the totality of the circumstances and cannot be limited to a single factual question." *Harvey v. Plaints Twp. Police Dep't*, 635 F.3d 606, 610-11 (3d Cir. 2011).

Here, Defendant Hough argues that Plaintiff's Amended Complaint contains no allegations that "plausibly support a claim that Hough was acting under color of state law. (Defendant's brief, p. 9). However, Plaintiff clearly alleges that Defendant Hough wrongfully abused his position as a City of Pittsburgh police officer when he unlawfully assaulted the Plaintiff on or about October 30, 2017. At the time of the assault, Defendant Hough was on-duty as a City of Pittsburgh police officer and was dressed in the full uniform of a City of Pittsburgh police officer. (Plaintiff's Amended Complaint, para. 14). Furthermore, Defendant Hough used his government-issued weapon to threaten, menace, and eventually assault the Plaintiff in Plaintiff's father's restaurant. (*Id*. at paras. 16, 21). Thus, Plaintiff pled facts sufficient to

establish that Defendant Hough remained cloaked in the authority of his position as a City of Pittsburgh police officer during his unlawful assault upon the Plaintiff.

For the reasons set forth hereinbefore above, Plaintiff respectfully requests that this Honorable Court deny Defendant Hough's motion to dismiss Count I of Plaintiff's Amended Complaint.

**B.      Plaintiff Respectfully Withdraws his Conspiracy Claim.**

Plaintiff respectfully withdraws his claim for conspiracy, as set forth in Count II of his Amended Complaint.

### III. CONCLUSION

For the reasons set forth above, Plaintiff has stated an actionable claim against Defendant Hough.  Therefore, Plaintiff respectfully requests that this Honorable Court deny Defendant Hough's Motion to Dismiss in its entirety.

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: August 20, 2018